**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JUSTIN HUGHES, *pro se*, | ) | CASE NO. 1:24-cv-00093 |
| | ) | |
| | ) | JUDGE DAVID A. RUIZ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS, *et al.*, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

On February 6, 2025, the Court granted a motion to dismiss filed by Defendants University Hospitals, Bryon Harrell, Dr. Anupam Jha, Dr. Riley Grosso, Deb Gedridge, and Irene Fries (collectively "UH Defendants"). (R. 14). Specifically, this Court held that "a private medical provider or institution's involuntary commitment of an individual pursuant to state law, without more, does not constitute state action for § 1983 purposes." (R. 14, PageID# 151). This Court further concluded that Plaintiff's Americans with Disabilities Act ("ADA") claim was not actionable against private institutions, such as hospitals. *Id*. at PageID# 152-153. Finally, the Court exercised its discretion and dismissed Plaintiff's remaining state law claims. *Id*. at PageID# 154.

Thereafter, *pro se* Plaintiff Justin Hughes[1] filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) . (R. 16). This Motion for Reconsideration does not challenge the Court's dismissal of the claims against the State of Ohio defendants. (See R. 15 & 16).

The Federal Rules of Civil Procedure do not specifically mention motions for reconsideration, but such motions are typically treated as a motion to alter or amend under Rule 59(e). *See, e.g., McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979). A court may grant a Rule 59(e) motion "(1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice." *CGH Transp., Inc. v. Quebecor World, Inc.*, 261 Fed. App'x 817, 823 (6th Cir. 2008) (*citing GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

Nevertheless, "[m]otions for reconsideration of a previous order are extraordinary and should be granted sparingly." *Jones v. Wilson & Assocs., PLLC*, 2013 WL 4039046, at *5 (W.D. Tenn. Aug. 6, 2013) (citations omitted). Furthermore, "[a] plaintiff cannot use a Rule 59 motion … 'to raise arguments which could, and should, have been made before judgment issued.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (*quoting Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case.")).

---

[1] The UH Defendants assert that Plaintiff Justin Hughes is a licensed attorney in Ohio with Attorney Registration No. 101879, and his address with the Ohio Supreme Court is the same as the one appearing on the heading of the Complaint. (R. 5, PageID# 77). In any event, the Court found that the Complaint failed to state a claim even under the more liberal interpretation afforded to *pro se* litigants. (R. 14).

Plaintiff's motion asserts that this Court's decision relied upon "selective factual findings that disregarded material allegations in the Complaint." (R. 16, PageID# 165). The Court's decision to dismiss this action, however, was premised primarily on questions of law. Furthermore, the Court's recitation of the facts was premised on the factual allegations set forth in Plaintiff's own complaint.

Plaintiff's second argument—that the Court misapplies Rule 12(b)(6)—fails for the same reasons as his first argument. The Court's finding—that the Complaint failed to state a claim—was not premised on a selective crediting of facts that Plaintiff alleges, but rather on the findings that: (1) the UH Defendant's actions could not be considered the actions of the State for purposes of § 1983 liability under well-established legal authority (R. 14, PageID# 146-151); and (2) the legal determination that Plaintiff's Title II ADA claims are not actionable against private institutions, such as a hospital. (R. 14, PageID# 152-153).

With respect to Plaintiff's third argument, Plaintiff does not identify any clear errors of law despite his assertions they occurred. Furthermore, Plaintiff had ample opportunity to respond to the legal arguments raised in the UH Defendants' motion, arguments which the Court found supported by applicable law and largely accepted. Despite filing an opposition brief to the UH Defendants' motion to dismiss (R. 10), Plaintiff did not address the substance of many of the arguments, as expressly noted in the Court's decision. As noted therein, "Plaintiff cites no authority suggesting that an individual involuntarily committed by a private medical health professional satisfies the state action or state actor requirements" of a § 1983 action. (R. 14, PageID# 148-149). Further, "Plaintiff's opposition brief is largely unresponsive to the argument that none of the UH Defendants constitute a public entity as defined by the ADA or work for a public entity." (R. 14, PageID# 152).

As stated above, motions for reconsideration are *not* a proper vehicle for bolstering previously made arguments or to raise arguments which could have been raised or should have been raised *before* a court issued its judgment.[2]

Alternatively, Plaintiff asks the Court to allow him to amend his complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. (R. 16, PageID# 176). This request is DENIED. Plaintiff could have sought to amend the Complaint in response to the motions to dismiss that were filed in order to cure any pleading deficiencies, but did not do so until the Court ruled and the matter was dismissed. It is too late to make such a request after the case has been closed. Moreover, Plaintiff fails to offer any explanation as to how additional factual averments could cure the legal deficiency in his § 1983 claim, namely the lack of state action or the state actor requirements.

For the foregoing reasons, Plaintiff's motion for reconsideration and motion to amend (R. 16) are hereby DENIED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: July 29, 2025

---

[2] It bears noting that the motion for reconsideration appears to be confined to the Court's dismissal of the § 1983 action, as the ADA claim goes unmentioned. (R. 16).